BRIDGET BRINEY, APPELLANT, v. LEWIS M. STARR, RESPONDENT.

NOTICE OF APPEAL—PROOF OF SERVICE OF.—In order to perfect an appeal, the notice of appeal on its filing must be accompanied by proof of service in the form of an indorsement thereon.

IDEM—AMENDMENT OF PROOF, WHEN NOT ALLOWED.—A subsequent making or amendment of such proof can only be made by leave first obtained from the court below.

APPEAL from Multnomah County.

The respondent obtained a judgment in the court below for seven thousand four hundred dollars, on the twenty-eighth of June, 1870. On the second day of July following, a notice of appeal was filed with the clerk of the circuit court, but no proof of service thereof was made, nor was any indorsement of service placed on said notice. On the third day of September, 1870, one of the attorneys for the appellant made an affidavit of the fact that on the second day of July, 1870, he served the notice of appeal herein on J. C. Moreland, one of respondent's attorneys, and attached that affidavit to the notice. Respondent's attorneys filed counter affidavits denying any such service, and filed a motion based thereon for dismissal of appeal.

J. C. Moreland, for the motion.

D. Logan and W. W. Thayer, against.

By the Court, PRIM, C. J.:

Subdivision 1 of section 527, page 280, of the Civil Code, provides that "the appellant shall cause a notice to be served on the adverse party, and file the original, with the proof of service indorsed thereon, with the clerk where the judgment, etc., is entered." Subdivision 5 of same section declares that "an appeal shall be taken by serving and filing the notice of appeal within sixty days from the entry of the judgment," etc.

These parts of that section indicate that the notice of appeal, on its filing, must be accompanied by the proof of service in the shape of an indorsement thereon. In case an amendment is desired, or further time required to perfect the appeal, we have held it necessary to apply to the court below for such grant or permission. In no event could an attorney, without such leave, by his act change the legal effect of a paper then on the files. In this case the time within which an appeal must be taken had expired before any service appeared upon the papers; and we hold that without any leave obtained below, the act of the attorney was unauthorized, and of no effect; and, no proof of proper service existing, the appeal is dismissed.

NOTE.—The above decision was rendered at the September term, 1870. In the reports for that term it was overlooked.