## JONES ET AL. v. BOWMAN.

BILL OF EXCEPTIONS—EXTENSION OF TIME TO PREPARE—EXTENSION BY JUDGE AFTER ADJOURNMENT OF TERM—COURTS.

1. An order of the Judge of the District Court duly entered on the journal of the court, under the statute declaring the court open at all times for the transaction of all business except the trial of issues of fact, extending the time for reducing to writing and presenting a bill of exceptions, is to all intents and purposes a court order, as much so as if made and entered at a regular term.

2. Where, at the term a cause was tried, the court granted until a subsequent day for reducing exceptions to writing and presenting the bill, and before the expiration of the time granted, but after the adjournment of the term, the Judge granted an

order extending the time within the time allowed by law, and before the expiration of the extended time, granted a further order extending the time, the time granted by the extension being within the time which might have been originally allowed under the statute; and the orders extending the time were in each instance duly entered upon the journal of the court, under the statute declaring the District Court to be open at all times for the transaction of all business other than the trial of issues of fact. *Held,* that the time was lawfully extended, and the bill presented within the time so extended, was presented in time.

3.   An order granting time within which to "file" a proposed bill of exceptions will be construed as an order granting time to reduce exceptions to writing, where it is clear that such was the intention and purpose of the order. In such case the word "file" will not be given a technical construction so as to defeat the plain purpose of the order.

[Decided August 16, 1901.]

ERROR to the District Court, Johnson County, HON. JOSEPH L. STOTTS, Judge.

Heard on motion to strike the bill of exceptions from the record, on the ground that the same was not presented in time. The facts are stated in the opinion.

*Clark & Breckons,* for the motion.

The District Judge has no authority by a chambers order to extend the time granted by a previous order of the court for the presentation of a bill of exceptions. (Schlessinger v. Cook, 8 Wyo., 484.) If a Judge in chambers when the court, being still in term, has jurisdiction of the cause may not make an order granting time to prepare and present the bill, upon what theory can a Judge extend the time granted by the court by a chambers order after the adjournment of the term? (Mo. K. & T. Ry. Co. v. Russell, 60 Fed., 501.) The presentation of the bill is one thing and the filing of it is another. The permission granted by the court was for "filing" and not for presentation. The inference is not that time was given to reduce exceptions to writing. (Hogan v. Peterson, 8 Wyo., 549, 556; Bank v. Anderson, 7 Wyo., 441.)

*Parmalee & Hill* and *John W. Lacey, contra.*

The court is open in vacation as to all matters excepting the trial of issues of fact. An order giving time to prepare bill of exceptions beyond the term retains in the court or Judge control of the entire matter of the bill during the period of time so granted, and during that time the court can enter any proper order in the matter, whether involving judicial powers or not, and during that time the Judge in vacation can exercise any judicial power in the matter to the extent judicial power is vested in him during vacation. The Judge had power to extend the time acting within the time previously granted. (Johnson v. Northern Pacific (N. Dak.), 48 N. W., 227; Ladd v. State (Ala.), 9 So., 401; West Chi. R. Co. v. Morrison, 160 Ill., 288; Yellow Poplar L. Co. v. Chapman, 74 Fed., 444; Hawes, Judge, v. People ex rel., 129 Ill., 123.)

Where the record proper and the bill disagree as to anything which should appear in the record outside the bill, the record will control. Hence, the time granted by the last extension, as shown by the record, was granted before the expiration of the time of the previous extension. The record must show the order giving time beyond the term for bill. A recital in the bill is not sufficient. (Smith Drug Co. v. Casper Drug Co., 5 Wyo., 510; Hogan v. Peterson, 8 id., 549; Schlessinger v. Cook, id., 484; Kirkpatrick v. Wheeler, 8 Pac., 654; Sweatman v. Hall (Ga.), 36 S. E., 954; Dismuke v. Trammel, 64 Ga., 428; Abel v. Blair (Okla.), 41 Pac., 342; Butler v. Savannah Co. (Ala.), 25 So., 241.) The same reason given in the case of Schlessinger v. Cook for the conclusion there would make the orders good in this case, viz.: The court retained control of the cause. (Goddard v. Ordway, 101 U. S., 751.) With jurisdiction preserved, the court has full power. (Laws 1901, Ch. 27, p. 27; R. S., Secs. 3610, 3612; Edelhoff v. Manuf. Co. (Md.), 39 Atl., 314; Gottlieb v. Wolf (Md.), 23 Atl., 198.)

The rule that is sought to be applied on account of the use of the word "file" is too technical. The construction of bills

will be liberal, and the court should save the rights of parties by saving bills of exception, if possible. (Sterling v. Wagner, 4 Wyo., 5-17.)

POTTER, CHIEF JUSTICE.

A motion is made to strike from the record the bill of exceptions in this case on the ground that the same was not presented for allowance within the time required by law.

Final judgment in the cause was rendered, and motion for new trial overruled and excepted to on the 22d day of June, 1900, the same being one of the days of the regular May, 1900, term of the District Court. In the judgment order the following appears: "And now, upon application of the respondents, it is ordered that respondents file herein their proposed bill of exceptions by July 12th, 1900."

The following orders in the case were subsequently made by the Judge and entered upon the journal of the court:

"It is hereby ordered that the time given to the respondents, John A. Jones and Ella Jones, within which to prepare and present a bill of exceptions in the above entitled case be and the same is hereby extended until and including the 31st day of August, 1900. Done in chambers this 11th day of July, 1900. (Signed) Joseph L. Stotts."

"Time for filing bill of exceptions is hereby extended until September 30, 1900, on foregoing affidavit. Dated August 31st, 1900. (Signed) Joseph L. Stotts, Judge."

It is understood that the order of July 11th and August 31st were made after the adjournment of the term at which the exceptions were taken. The court at that term might have granted time for the preparation of bill until and including the first day of the next succeeding term, which would have been the second Monday of November following. The time granted at the term of the trial, however, expired July 12th. Before such expiration the Judge, by an order entered on the journal, extended the time until August 31st, and, within that period, by another order, also entered on the journal, the time was extended until September 30.

It is contended by counsel for defendant in error that the Judge was without power to extend the time after the adjournment of the term, and the case of Schlessinger v. Cook, 8 Wyo., 484, is cited to sustain that contention. In that case it was held that, as to exceptions taken on the trial of a cause occurring when the court was in actual session at a regular term, no authority exists for the presentation of a bill after the close of the term, in the absence of a valid term order granting time beyond the term for such presentation; and that an order granting such time made by the Judge in chambers, even if made during the period covered by the term, was not sufficient, for the reason that, although under the statute of 1895 declaring the court open at all times for certain purposes, the order of the Judge might be considered as a court order, still it was not an order of the regular term at which the exceptions were taken; and hence no control of the record had been retained beyond the term. In that case the court at the term had not granted time, the only order being that made by the Judge in chambers.

In the case at bar, however, an order granting time was made by the court at the term, and, indeed, was embraced in the judgment entry; and the time granted extended beyond the adjournment of the term. The court, therefore, retained control of the matter, under the original order, until the expiration of the time allowed, viz., July 12.

The statute expressly authorizes a bill, when presented in time, to be presented to the Judge in vacation, and to be allowed and signed by him. (R. S., Sec. 3743.) Under a former statute the Judge in vacation was held to possess such power, and that a bill might be presented to him within the time granted in the absence of an express provision of the statute to that effect. (McBride v. U. P. Ry. Co., 3 Wyo., 183.)

Had the court continued in session until July 12 there can be no doubt that, before the expiration of the time granted, the court might have lawfully extended it; neither can there be any doubt that if the statute rendered it possible for an-

other regular term to intervene before the expiration of the time properly granted, the court might at such term, the time not having expired, lawfully make and enter an order extending it. The reason is that, having retained control of the record for the purpose of allowing a bill, the court may, before such control is lost by lapse of time, continue to retain control by further order, within the statutory limitation.

Now the statute of 1895 (R. S., Sec. 3612) declares that each District Court shall be open at all times "for the transaction of business in the entry of judgments, decrees, orders of course, and such other orders as have been made or granted by the District Court, or any Judge thereof, and for the hearing and determination of all matters brought before the court or Judge, except the trial of issues of fact." Under that statute it was held that an order of the Judge, within the limitations of the statute, is an order of the court, and when duly entered, becomes an order entered in open court. (Anderson v. Matthews, 8 Wyo., 307.) The court, therefore, was open at all times after the adjournment of the regular term for the purposes named in the statute; and it is clear that an order extending time for preparation of a bill of exceptions is necessarily included among the specified purposes, it being an order made or granted by a Judge of the court, not involving the trial of an issue of fact.

The orders of extension made in the case at bar were granted in each instance in advance of the expiration of the time previously fixed; and while control of the matter remained in the court, assuming, of course, that the first order of extension was effectual; and the orders were duly entered upon the court journal, becoming thereby, to all intents and purposes under the statute, court orders, as much so as if made and entered at a regular term.

Whether, therefore, as distinguished from an order of court, an order of the Judge in chambers, independent of the statute, would be operative in extending the time granted by the court, we are not required to determine. The orders, by statute, are court orders; and we are of the opinion that as

such they were effectual, and lawfully extended the time. The bill was, therefore, presented in time, it having been presented within the period fixed by the last order extending the time.

It is apparent from what has been said that the case at bar is clearly to be distinguished from Schlessinger v. Cook. We see no reason for departing from the conclusions announced in that case. The question there was, in our judgment, correctly decided. The distinction presented by that case is that an order of the court as of the regular term, when the exceptions were taken, was essential, in the first instance; and the order of the Judge, notwithstanding that it might be treated as an order made in open court, could not be considered as an order of the regular term.

It is further insisted that the original order granting time was ineffective, for the reason that the time granted was to "file" the "proposed bill of exceptions." It is argued that this did not allow any time for "reducing the exceptions to writing."

It is true that, technically, the act of filing follows the presentation for allowance, and the allowance and signing, and is the act of leaving the same with the clerk to be filed in his office. But it is apparent that the word "file" was not employed in that technical sense. An examination of the authorities will disclose that, in practice, the permission to file a bill within a stated time is construed and acted on as a grant of time for its preparation and presentation for allowance. (See Hawes v. People, 129 Ill., 123; West Chi. R. R. Co. v. Morrison, 160 Ill., 288.) The order of July 11th extends the time for preparing and presenting the bill, thus clearly indicating the construction placed upon the original order by the Presiding Judge. Having in view the uniform practice in this State, it is manifest, we think, that the order was intended and understood as granting time for the preparation and presentation of the bill. Strictly speaking, an order fixing a time for "filing" is not necessary, confining that word to its technical meaning as a depositing with the clerk

and the latter's endorsement thereon. In that sense, if it was to subserve no other purpose, the order would be quite useless. We are not inclined to apply so technical a construction as that contended for. It is certainly more correct practice for an order granting time to state its precise purpose; but, the purpose plainly appearing to allow time for presenting the bill for allowance, we think that effect should be given to it.

The motion to strike the bill from the record will be denied.

CORN, J., and KNIGHT, J., concur.