Argued 14 January, decided 21 January, 1908.

## RODMAN *v.* MANNING.

### 93 Pac. 366.

APPEAL—FILING NOTICE AND PROOF OF SERVICE—TRANSCRIPT—IMPEACHING RECORD.

1. Section 549, B. & C. Comp., provides that, when an appeal is not taken at the time the decision is rendered, it may be taken at any time within six months thereafter by serving a notice on the adverse party or his attorney, and filing the original with proof of service indorsed thereon with the clerk.

*Held*, that where the notice of appeal as it appeared in the transcript showed that it was filed August 26th, while the endorsement of proof of service was dated September 26th, appellants could not contradict the transcript by extraneous evidence showing that the service was in fact admitted August 28th, and the notice with the endorsement of such admission thereon was afterwards filed with the clerk, the remedy being by application to the court below to correct the record.

APPEAL—JURISDICTION CANNOT BE WAIVED BY PARTIES.

2. Serving and filing of notice of appeal are essential to give the Supreme Court jurisdiction, and cannot be waived by the parties.

From Lane: LAWRENCE T. HARRIS, Judge.

Plaintiff obtained a decree in the circuit court of Lane County, from which the defendant attempts to appeal. Respondent now moves to dismiss the appeal.    DISMISSED.

*Williams & Bean* for the motion.

*I. N. Harbaugh* and *Coovert & Stapleton, contra.*

PER CURIAM:  On August 1, 1907, plaintiff recovered a decree in the circuit court for Lane County against defendants, and from this decree defendants attempt to appeal. The notice of appeal, as it appears in the transcript, shows that it was filed on August 26th, and the indorsement of proof of service is dated the 26th of the following month. The plaintiff moves to dismiss the appeal for want of jurisdiction, because the proof of service of the notice was not indorsed thereon at the time it was filed.

1. The statute provides that, when an appeal is not taken at the time the decision is rendered, it may be taken at any time within six months thereafter by serving a notice on the adverse party or his attorney, "and filing the original with proof of service indorsed thereon," with the clerk: Section 549, B. & C. Comp. It has been held under similar statutory provisions that a notice of appeal, when filed, must be accompanied by proof of service in the shape of an indorsement thereon, and that service cannot be made and proof thereof placed on the notice after it has been filed: *Briney* v. *Starr,* 6 Or. 207; *Henness* v. *Wells,* 16 Or. 266 (19 Pac. 121). Defendants claim, however, and have filed *ex parte* affidavits to show, that the dates of filing of notice and acknowledgment of service thereof, as they

appear on the transcript, are erroneous, and in fact the service was admitted on August 28th, and the notice with the indorsement of such admission thereon was afterwards filed with the clerk. But, if there is an error in the record in this respect, the remedy is by application to the court below to correct the same, and the transcript as filed here cannot be contradicted or impeached by extraneous evidence: *Briney* v. *Starr,* 6 Or. 207.

2. Again, it is said that plaintiff has waived the objection by filing his brief in this court; but the service and filing of the notice of appeal are indispensable in order to give this court jurisdiction, and cannot be waived by the parties: *Oliver* v. *Harvey,* 5 Or. 360; *Wolf* v. *Smith,* 6 Or. 73.

We need not consider at this time what the effect would have been if defendants had applied to and obtained permission from the court below to withdraw the notice from the files, and had refiled it, after the date of admission of the service thereon, as that question is not before us. Upon the record as it stands we have no alternative, under the previous decisions of the court, but to dismiss the appeal, and it is so ordered.

APPEAL DISMISSED.

---

Decided 21 January, 1908.