## FLEMING v. PATTISON.

(143 Pac. 1101.)

**Appeal and Error—Undertaking—Service.**

1. Laws of 1913, page 617, Section 1, subdivision 2, providing that within 10 days from the giving or serving of notice of appeal the appellant shall serve on the adverse party or his attorney an undertaking and within 10 days shall file the original of the undertaking, "with proof of service" indorsed thereon, with the clerk, is mandatory, and where notice of appeal was filed October 11th, and on the same day an undertaking was filed without proof of service, and an affidavit was filed November 14th that service of the undertaking was made October 11th, the appeal will be dismissed.

From Lane:   LAWRENCE T. HARRIS, Judge.

In Banc.   Statement PER CURIAM.

This is a motion to dismiss an appeal in the case of Margaret J. Fleming and Mark T. Fleming, her husband, William T. Pattison and Alice Pattison, his wife, and Isabelle M. Pattison against John R. Pattison, for the reason that no service of the undertaking was made.   The notice of appeal was filed October 11, 1913, with proper proof of service indorsed thereon.   On the same day an undertaking on appeal was filed without any proof of service.   On the 14th day of November, 1913, an affidavit was filed, stating that service of the undertaking was made on the 11th day of October, 1913.                          APPEAL DISMISSED.

*Mr. George B. Dorris* and *Mr. Lark Bilyeu,* for the motion.

*Mr. A. F. Campbell* and *Messrs. Foster & Hamilton, contra.*

Opinion PER CURIAM.

Laws of 1913, Chapter 319 (subdivision 2) provides:

"Within 10 days from the giving of notice or service of notice of the appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking as hereinafter provided, and within said 10 days shall file the original of said undertaking, with proof of service indorsed thereon with said clerk."

The question has been decided in this court many times: *Briney* v. *Starr,* 6 Or. 207; *Henness* v. *Wells,* 16 Or. 266 (19 Pac. 121); *Rodman* v. *Manning,* 50 Or. 507 (93 Pac. 366).   All hold that this provision, or a simi-

lar one, of the statute is mandatory and must be observed to give the court jurisdiction.   Therefore, the motion to dismiss the appeal must be sustained; and it is so ordered.                          APPEAL DISMISSED.