Motion to dismiss appeal denied December 15, 1915.
Argued on the merits January 26, reversed and nonsuit entered
February 13, 1917.

# MITCHELL *v.* COACH.

### (153 Pac. 478; 162 Pac. 1058.)

**Appeal and Error—Record on Appeal—Return of Notice—Conclusiveness.**

1. The return of service of notice of appeal as included in the transcript cannot be contradicted or impeached by extraneous evidence, so that an indorsement on the notice, "Filed July 19, 1915," is conclusive.

**Appeal and Error—Record on Appeal—Defect in Undertaking—Time for Objection.**

2. Since the filing of the undertaking on appeal is not jurisdictional, a motion attacking it for defect in time of filing must be filed within 10 days of the filing of the undertaking, as required by Rule 23, 56 Or. 623 (117 Pac. xii), or it is deemed waived, so that a motion filed December 3d, attacking an undertaking filed August 10th on the ground that it was filed too late, cannot be considered.

**Appeal and Error—Record on Appeal—Amendment.**

3. Where the return of service of a notice of appeal does not conform to the facts, it may on motion be amended.

**Appeal and Error—Record—Review—Motion for Nonsuit.**

4. While generally the decision on a motion for nonsuit will not be reviewed without a transcript of the entire evidence, the motion being on the ground that plaintiff's testimony shows the contract sued on to be against public policy, it is enough that the bill of exceptions states that the only evidence offered or given by or for plaintiffs as to the nature of the contract is as there set out.

**Contracts—To Defeat Justice—Recovery for Services.**

5. The sole object of the employment of plaintiffs being to defeat the ends of justice on a prosecution, with a reckless disregard of the means employed, its illegality will prevent recovery for services thereunder.

[As to contracts the consideration for which is the stifling of a criminal prosecution, see notes in 31 Am. Dec. 600; 22 Am. Rep. 121; 49 Am. Rep. 48.]

From Coos: John S. Coke, Judge.

This is an action by W. J. Mitchell and L. G. Carpenter, doing business under the firm name and style of Coast Detective Bureau, against J. W. Coach. Respondent moves to dismiss defendant's appeal.

Motion Denied.

*Mr. Charles F. McKnight,* for the motion.

*Mr. F. J. Feeney* and *Messrs. Hammond & Derby-shire, contra.*

In Banc.    MR. JUSTICE BENSON delivered the opinion of the court.

This is a motion to dismiss the appeal upon the grounds: (1) That the appellant has failed to serve or file his notice of appeal within the time prescribed by law; (2) that the undertaking on appeal was not filed within the time prescribed by the statute.

1. The notice of appeal as it appears in the transcript contains the following proof of service:

"State of Oregon,
   Coos County—ss.
   "I hereby certify that I served this notice of appeal upon C. F. McKnight, attorney for plaintiffs, at Coos County, Oregon, on the 19th day of July, 1915.
                              "A. S. HAMMOND,
                       "Attorney for Defendant."

The notice is also indorsed as filed on July 19, 1915, which is conceded to be within the statutory time, the judgment having been entered on May 20, 1915; but plaintiff seeks by affidavits to show that as a matter of fact it was not filed until July 20th. This court has held that the transcript as filed here cannot be contradicted or impeached by extraneous evidence: *Rodman* v. *Manning,* 50 Or. 507 (93 Pac. 366).

2. As to the date of filing the undertaking, it is sufficient to say that it was served upon plaintiff on August 9, 1915, and filed August 10, 1915, while the motion attacking it was not filed until December 3, 1915. Since the filing of the undertaking is not jurisdictional (*Dowell* v. *Bolt,* 45 Or. 90, 75 Pac. 714),

it falls within the influence of rule 23 of this court (56 Or. 623, 117 Pac. xii), which says:

"All motions must be filed within ten days after a party or his counsel obtain knowledge of an alleged failure of the adverse party or his counsel to comply with the requirements of the statute or with the rules of this court. Any neglect to file a motion within such time will be deemed a waiver of all defects, except matters of jurisdiction."

3. Referring again to the proof of service of the notice of appeal, the defendant has filed a counter-motion for leave to amend the same to conform to the fact. The case comes strictly within the rule declared in the case of *Barbre* v. *Goodale*, 28 Or. 468 (38 Pac. 67, 43 Pac. 378), and the amendment is therefore allowed.

The motion to dismiss is denied.

MOTION DENIED.

————————

Reversed and nonsuit entered February 13, 1917.

ON THE MERITS.

(162 Pac. 1058.)

Department 1.    Statement by MR. JUSTICE BENSON.

This is an action wherein plaintiffs seek to recover for detective services performed by them at the request of the defendant. The complaint alleges, in substance, that defendant had been convicted in the municipal court of Bandon of the crime of giving liquor to two minor girls named Simpson; that the defendant had appealed from such conviction to the Circuit Court; that he was also threatened with an action for damages for being the father of an unborn

child then supposed to be carried by one of those girls; that he employed plaintiffs at an agreed price of $12 per day and all expenses to assist and render services in connection with the defense of such litigation; that such services were performed and continued from September 20, 1914, to March 26, 1915, and included moneys advanced, etc. There follows an allegation of total indebtedness under the contract of $3,226.80, with a credit of $1,622.30, and a prayer for judgment for an unpaid balance of $1,604.50. The answer admits the employment of plaintiffs for services in the liquor cases only; that those cases were finally disposed of by the acquittal of defendant on December 14, 1914, and alleges that plaintiffs have already been paid more than was due them. From a verdict and judgment for plaintiffs, defendant appeals.

REVERSED. NONSUIT. ENTERED.

For appellant there was a brief and an oral argument by *Mr. Charles F. McKnight.*

For respondents there was a brief over the names of *Mr. Austin S. Hammond, Mr. John B. Goss* and *Mr. A. H. Derbyshire,* with oral arguments by *Mr. Hammond* and *Mr. Goss.*

MR. JUSTICE BENSON delivered the opinion of the court.

4. When plaintiffs rested their case defendant moved for a judgment of nonsuit upon the following grounds:

"For the reason that it appears in the testimony for the plaintiffs that the alleged contract was and is against public policy and should not be enforced."

This motion was denied, and the ruling of the court thereon is assigned as error. The bill of exceptions

does not purport to contain all the testimony given upon the trial, and plaintiffs insist that, in the absence of any part of the evidence, this court is not in a position to consider an assignment of this nature. It is true generally that the decision upon a motion for nonsuit will not be considered unless the transcript of the entire testimony is before the appellate court, but there is a well-established exception thereto which is very clearly enunciated in *Goodale Lumber Co.* v. *Shaw*, 41 Or. 544, 547 (69 Pac. 546, 547), wherein Mr. Chief Justice MOORE, speaking for the court, says:

"The law, however, does not require the performance of vain things; and where, as in the present instance, the testimony set out in the bill of exceptions clearly shows the mode adopted to prove a particular fact, and also contains a statement which necessarily negatives the possibility of other testimony having been introduced upon the issue involved, the reason for the rule announced in the cases adverted to ceases, and the rule, which is otherwise general, has ingrafted thereon and become subject to an exception, which is illustrated in cases like the one at bar, where the bill states the objection with so much, but no more, of the evidence than is necessary to explain it."

The present bill of exceptions contains the following statement:

"The only evidence offered or given by or on behalf of plaintiff at the trial as to the nature of the contract between the plaintiffs and the defendant which is set out in the complaint is as follows."

5. It is clear, then, that a motion for a nonsuit is properly before us. The plaintiff Mitchell appears to have been the one member of his firm who did business with the defendant and performed the services for which a recovery is sought. It appears from his own testimony that he was employed primarily to so man-

age things that the defendant should be acquitted in the "liquor cases" upon appeal, not so much on account of the intrinsic importance thereof, as for the moral effect that a conviction might have upon the outcome of the anticipated action for damages for bastardy. It seems to be beyond question that Mitchell from the beginning knew that Coach was guilty of the offense of which he had been convicted in the police court, and that what was required of him by his employer was so to manipulate affairs that the witnesses for the prosecution either should be removed from the jurisdiction of the trial court or be so influenced as to commit perjury and thus save Coach from a conviction. Sequestration was first tried, and the girls were concealed in a house in the suburbs of Marshfield, under the guardianship of one or more of plaintiffs' "operators." Subsequently they were started to Portland still in the care of one of plaintiffs' employees, but were arrested en route and brought back. In the final outcome they swore falsely at the trial, and Coach's acquittal was secured. During the interval between the employment and the hearing in court Mitchell was in constant touch with these witnesses and advancing them money, in at least one instance paying money to one of the girls or sending it to her by an intermediary because she had threatened to "squeal" to the district attorney. When upon the witness-stand the plaintiff Mitchell said:

"After we closed up this contract with Coach and I was working for him I went right along, and done as he wanted done as far as I dared go."

When asked as to the nature of his employment after the liquor cases were disposed of, he replied:

"The nature of the work principally was this: We were trying to get Mr. Treadgold; Joe was going to spend $20,000 to get Treadgold."

There is much more of the testimony leading to the same conclusion, but we have outlined enough. The sole object of the employment of plaintiffs was to defeat the ends of justice with a reckless disregard of the means employed to accomplish such purpose. As is well said by Mr. Chief Justice BEAN in *Jackson* v. *Baker,* 48 Or. 155 (85 Pac. 512):

"If the illegality appears from the complaint or the plaintiff's case, the court will, at any stage of the proceedings, dismiss the action, although such illegality is not pleaded as a defense, or insisted upon by the parties, and may have been expressly waived by them. It is an objection which the court itself is bound to raise in the due administration of justice, regardless of the wishes of the parties."

It is not often that a case arises where the evidence leaves an appellate court as free from doubt as we find ourselves in this case.

The judgment will be reversed and a nonsuit entered here.    REVERSED. NONSUIT ENTERED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE HARRIS and MR. JUSTICE BURNETT concur.