Motion to dismiss appeal allowed September 9, 1924.

## ,WAPINITIA IRRIGATION DISTRICT *v.* PACIFIC POWER & LIGHT CO.

### (228 Pac. 810.)

**Appeal and Error—Timely Filing of Notice of Appeal is Essential to Jurisdiction.**

1. Under Section 550, Or. L., filing of notice of appeal, with proof of service indorsed thereon, within 60 days after entry of judgment, is necessary to confer jurisdiction of an appeal; failure to do so requiring dismissal.

**Appeal and Error—Official Indorsement of Date of Filing Notice of Appeal Controlling as to Time of Filing.**

2. Court is bound by the clerk's official indorsement of date of filing of notice of appeal, as against affidavits of counsel that he mailed it in time to arrive in due course of mail, within the 60 days prescribed by Section 550, Or. L.

From Wasco: FRED W. WILSON, Judge.

In Banc.

'APPEAL DISMISSED.

For the motion, *Mr. John A. Laing* and *Mr. Henry S. Gray.*

*Contra, Mr. Harry G. Hoy, Mr. E. E. Miller* and *Mr. Robert E. Ellinwood.*

BURNETT, J.—The Wapinitia Irrigation Company attempted to appeal from a decree rendered November 30, 1923, by the Circuit Court of Wasco County in the matter of the determination of the relative rights of the various claimants to the use of the waters of White River, a tributary of Deschutes River.

According to the record, the would-be appellant served the notice of appeal on January 28, 1924, on the Pacific Power & Light Company, a party to the proceeding, and on the following day filed with the

clerk of the Circuit Court a copy of the notice, but without any proof of the service thereof indorsed thereon or attached thereto. On February 1, 1924, or 63 days after the rendition of the decree, the original notice of appeal with proof of service thereof attached thereto was filed with the clerk of the Circuit Court. The Pacific Power & Light Company moved to dismiss the appeal because the same was not taken within 60 days after the rendition of the decree.

1. It is prescribed by Section 550, Or. L., that the party to a judgment, decree or final order, from which an appeal may be taken, may either give oral notice in open court at the time the decree is rendered, or afterwards may give written notice to be served on adverse parties; but in that case an essential part of the procedure is to file the original notice with proof of service indorsed thereon with the clerk of the court in which the decree was rendered and this must be done within 60 days after the entry thereof. It has been so often decided that this is essential to the jurisdiction of the appellate court that it is not necessary to cite authorities.

2. Counsel for appellant, however, seek to qualify the record by the affidavit of one of them to the effect that in Portland, Multnomah County, Oregon, on January 28, 1924, he completed service of the notice of appeal by mailing copies to some respondents and securing the acceptance of service by counsel for the others, except in the instance of a single respondent, A. M. Young, service upon whom the affiant alleges he accomplished by mailing a copy to the clerk of the court for him because the residence of Young was unknown. The substance of his affidavit further is, that on the same date he mailed the original notice to the clerk of Wasco County and that in due course

of mail the same should have reached that officer on January 29th, and in no event later than the thirtieth day of that month, from which he draws a conclusion in the following language:

"And I therefore allege and say that said notice of appeal was duly filed with the said county clerk of Wasco County not later than January 30, 1924."

To the contrary is the affidavit of the clerk of the Circuit Court and of his deputy to the effect that on January 29, 1924, the clerk received a copy of the notice of appeal; but there was no proof of service indorsed upon, attached to, or accompanying the same; neither was there any letter of advice about the matter. In a separate envelope without other inclosure, however, came a letter from one of counsel for the appellant saying,

"Indorsed herewith you will find notice of appeal in the above-entitled matter with proof of service indorsed. Please file same promptly upon receipt thereof and oblige,"

below which was a pencil memorandum addressed to the clerk signed by the same attorney for appellant reading thus:

"By mistake the steno. must have sent the notice of appeal without inclosing this letter in envelope";

that thereafter, on February 1, 1924, the clerk received the original notice of appeal in the proceeding with admission of service indorsed thereon, together with affidavits of mailing annexed thereto, and on that day the same was duly filed in the office of the clerk of the Circuit Court.

Citing *Conant's Estate,* 43 Or. 530 (73 Pac. 1018), and *Bade* v. *Hibberd,* 50 Or. 601 (93 Pac. 364), the appellant contends that the affidavit of counsel above

mentioned establishes the filing of the notice and proof
of service.   Those cases were instances where the
paper in question had in fact been left in the custody
of the filing officer for filing and the only defect com-
plained of was that he had not indorsed on the paper
over his signature the date of filing.   The court, how-
ever, held in substance that the official indorsement
of filing was merely ministerial and that leaving the
paper in the custody of the filing officer within the
time prescribed by law was filing it so far as the
parties to the proceeding were concerned.

It is manifest that a notice of appeal and proof of
service thereof from a decree rendered on November
30, 1923, was not filed in time if it was not lodged
with the clerk until February 1, 1924.   As to that,
the question here is whether we shall believe and
rely upon the official record made by the county clerk
in his indorsement of the date of filing on the paper
in question or be governed by the affidavit of the coun-
sel who says he mailed it in Portland in time to have
reached the clerk before the expiration of 60 days
after the rendition of the decree.   The question is
controlled by *Sabin* v. *Owens Construction Co.,* 69 Or.
269 (138 Pac. 844).   That case involved the filing of
a transcript which was in fact lodged with the clerk
of this court one day too late.   This court, speaking
by Mr. Justice EAKIN, disposed of the matter in this
language:

"Appellant now asks the court to direct it to be
filed as of the 29th * * He claims: That it was
mailed to the clerk of this court on the 27th, and in
due course of the mail should have reached the clerk's
office on the 29th; but this is asking the court to dis-
regard the direction of the statute in the matter,
which is purely jurisdictional, and does not depend
on the regularity of the mails, nor is it a question

of service on the clerk. The transcript must be in the hands of the clerk within the 30 days."

That we are bound by the official indorsement of the date of filing is determined by *Rodman* v. *Manning,* 50 Or. 506 (93 Pac. 366). There the contention was that the dates of filing the papers in question were erroneous and that in fact, as shown by some *ex parte* affidavits, they were filed at an earlier date within the proper time. The opinion however, says:

"But if there is an error in the record in this respect, the remedy is by application to the court below to correct the same and the transcript as filed here cannot be contradicted nor impeached by extraneous evidence." Citing *Briney* v. *Starr,* 6 Or. 207. See, also, *Mitchell* v. *Coach,* 83 Or. 45 (153 Pac. 478, 162 Pac. 1058).

Aside from the official declaration of the clerk as to the date of filing the original notice of appeal with proof of service indorsed thereon, which declaration is evidenced by his indorsement over his signature, we have on behalf of the appellant the affidavit of counsel to the effect that he mailed the paper in Portland early enough so that it should· have reached the clerk by January 30th at the outside, and on the other, the affidavit of the clerk that the notice in question did not reach him until February 1st. In such a case, the statement of what might have happened is overborne by the positive narration of what did happen. Not having obtained jurisdiction of this cause, all this court can do is to dismiss the appeal, and it is so ordered.    APPEAL DISMISSED.