SUN LUMBER CO. v. HUTTIG SASH & DOOR CO.

No. 10744.

Court of Civil Appeals of Texas. Dallas.

Feb. 28, 1931.

J. L. Zumwalt, of Dallas, for appellant.

Fred J. Dudley and Wm. Madden Hill, both of Dallas, for appellee.

## JONES, C. J.

Appellant, Sun Lumber Company, a corporation, has appealed from an adverse judgment rendered by default. Appellee, Huttig Sash & Door Company, a corporation, instituted suit against appellant in a county court at law of Dallas county, to recover the sum of $285.96, as shown by a verified open account occasioned by the sale and delivery by appellee to appellant of "goods, wares and merchandise." Appellee's place of business is in the city of Dallas, and appellant's place of business is in the town of Lindale, Smith county, Tex. Appellant was duly served with citation to appear and answer such suit at the term of the court beginning September 2, 1929. On September 3, 1929, no answer to the suit appeared on file among the papers, and appellee caused judgment to be entered in its favor by default, for the sum of $285.96 with interest.

At noon August 31, 1929, appellant's general manager placed in the United States mails, in the post office on a railway train, a properly drawn plea of privilege. He had placed the required postage on the envelope inclosing such plea, also a special delivery stamp, and properly addressed same to the county clerk of Dallas county. At the same time, in answer to a citation in a suit filed in a justice court in the Oak Cliff justice precinct of Dallas county, the manager placed in the same mail a plea of privilege properly addressed and stamped for special delivery to the justice of the peace of such precinct. The usual course for letters thus mailed is to reach Dallas within three hours after mailing on the train. September 2d was Labor Day, and the county clerk's office in Dallas county was attended to only by a deputy, whose duties did not require him to open the official mail of the county clerk or to make any disposition of it. Those who were charged with this duty were observing Labor Day as a holiday.

The letter addressed to the justice of the peace, whose office is a greater distance from the post office in the city of Dallas than the county clerk's office, was received on September 2, 1929, and duly filed on such day. The letter to the county clerk, inclosing the plea of privilege, was delivered by someone in the county clerk's office to the deputy, who attended this county court at law on the morning of September 3d, and the date and hour of delivery was indorsed by him on the plea of privilege, and further indorsed as filed of that date. Previous to said deputy's receipt of the plea of privilege from the county clerk's office, the judgment of default had been entered in the county court at law. Appellant did not inclose with the plea of privilege any answer to the merits of the case.

Appellant received no notice of the action of the court in entering judgment by default until it was notified by an officer of Smith county that an execution on the judgment had been issued out of the county court at law of Dallas county. Appellant's general manager then came to Dallas and employed a lawyer to represent it, and on October 3, 1929, filed a duly verified motion for a new trial in the cause, alleging the facts substantially as given above.

In its motion for a new trial, appellant alleged that the plea of privilege was placed in the hands of the county clerk of Dallas county on September 2, 1929, and that in law it was filed on said date. It further requested the court to require the clerk to place the proper file mark of September 2, 1929, on the plea of privilege.

Appellee filed an answer to this motion, in which is challenged the sufficiency of the motion on the ground that it did not allege that the plea of privilege was in proper form, and further on the ground that it did not allege that appellant had a valid defense to the suit, and entered a general denial. The answer was not verified. The court heard evidence on the issues made by these pleadings and entered an order overruling the motion for a new trial, and also a denial of the request that the clerk change the file mark on the plea of privilege.

■ We do not believe that there is any controverted issue of fact, and the judgment of the trial court, in overruling the motion for a new trial, necessarily is based on the legal effect of this undisputed evidence. While it

is not directly testified to by any witness that the plea of privilege was received by the county clerk on September 2, 1929, the evidence is of such a conclusive nature in this respect that no other conclusion can be drawn; hence we conclude that the undisputed evidence shows that the plea of privilege was placed in the hands of a duly qualified deputy of the county clerk of Dallas county on September 2, 1929.

An instrument is deemed in law filed at the time it is placed in the hands of the officer authorized by law to file same and left in his keeping, regardless of whether a file mark is placed on such instrument or not, and regardless of whether the file mark gives some other date of filing. Beal v. Alexander, 6 Tex. 541; Holman v. Chevaillier, 14 Tex. 339; Snider v. Methvin, 60 Tex. 487–494; Lessing v. Gilbert, 8 Tex. Civ. App. 174, 27 S. W. 751, 752; Pendleton v. Shaw, 18 Tex. Civ. App. 439, 44 S. W. 1002, 1010. One who has placed a paper for filing with the clerk of a court is not prejudiced in his rights because of the omission of the clerk to indorse the proper date of filing thereon. Holman v. Chevaillier, supra; Johnson v. Smith, 14 Tex. 413; Turner v. State, 41 Tex. 552; Pennsylvania Fire Insurance Co. v. Wagley (Tex. Civ. App.) 36 S. W. 997, 998. The court should have construed the legal effect of the evidence to be that the plea of privilege was actually filed on September 2, 1929, and should have required the clerk to place such file mark on the instrument in lieu of the erroneous one placed thereon.

The plea of privilege being in law filed on the day preceding the day of default, the court had no power to enter any character of judgment or order against appellant, but should have given appellee five days within which to file a controverting affidavit, set same for a hearing when such affidavit was filed, and then cause notice to issue to appellee of such date. Craig v. Pittman & Harrison Co. (Tex. Civ. App.) 234 S. W. 1112. When a defendant in a suit files a plea of privilege, he is not required to take further notice of the suit until he is served with notice of the day on which the issues made by the plea and the controverting affidavit will be heard. Appellant therefore was not guilty of laches in not making inquiry as to whether or not a judgment had been taken against it.

It is urged by appellee that appellant is not entitled to the relief sought, because it did not allege in its motion for a new trial that it had a valid defense to appellee's cause of action. Ordinarily this contention would have to be sustained, for it states the general rule in respect to motions for a new trial where a judgment by default has been rendered; but in the instant case we think such general rule does not apply. The court had

no power to enter the judgment after the plea of privilege was filed. The case first to be tried under appellant's plea of privilege was not the merits of the cause of action, but the issue made by the plea of privilege and the controverting affidavit to be filed by appellee. The plea shows on its face that appellant is entitled to the relief thus sought, and shows meritorious grounds on the venue issue thus raised, the only issue the court was empowered to try when the default judgment was entered. If appellant's plea of privilege is good, it has the right to have a trial of every phase of the merits of the case in the county of its residence. This contention is overruled.

We are therefore of opinion that the court erred in refusing to grant appellant's motion for a new trial, so that it could have a trial of its plea of privilege, seasonably filed, and the right to which it has been deprived without its fault. The case must be reversed and here rendered for appellant, setting aside the default judgment and remanding the case for a trial on the issues of venue made by the plea of privilege, and it is so ordered.

Reversed and rendered.