Submitted on motion to dismiss appeal, November 25;
sustained December 9, 1947

IN RE WAGNER'S ESTATE
WAGNER *v.* WAGNER ET AL.

187 P. (2d) 669

*Teiser & Keller,* of Portland, attorneys for respondents, for motion.

*L. B. Sandblast,* of Portland, attorney for appellant, *contra.*

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY, HAY and WINSLOW, Justices.

ROSSMAN, C. J.

This is a motion by the respondents to dismiss this appeal. The decree attacked by the appeal was entered July 30, 1947 by the Circuit Court for Multnomah County. According to the certificate of the county clerk of Multnomah County, the notice of appeal was filed with that official October 4, 1947. The notice of appeal bears an acknowledgment showing that it was served upon counsel for the respondents September 26, 1947.

Section 10-803, O. C. L. A., as amended by Oregon Laws 1943, chapter 119, section 1, says:

"An appeal to the supreme court, if not taken at the time of the rendition of the judgment or decree appealed from, or at the time of making the interlocutory order appealed from, shall be taken by serving and filing the notice of appeal, within 60 days from the entry of the judgment, order or decree appealed from, * * * and not otherwise; * * *."

The notice of appeal recites that the decree attacked by the appellant was "entered on the 30th day of July, 1947." Therefore, if the notice of appeal was not filed until October 4, 1947, this appeal must be dismissed. Counsel for the appellant states in an affidavit:

"I served the Notice of Appeal to the Supreme Court of the State of Oregon in the above entitled

suit on Teiser and Keller, attorneys for the respondents, on September 26, 1947, and that within one hour thereafter I laid said Notice of Appeal thus served on the usual place to file papers in the Circuit Court of the State of Oregon for Multnomah County, to-wit, on the desk of the Deputy County Clerk assigned to receiving and recording Circuit Court papers; that there was no one right at the usual filing place when so I left and went about other business; * * *."

■ It will be observed that our statute says that a notice of appeal, in order to be effective, must be served and filed within sixty days of the entry of the decree or judgment. Black's Law Dictionary, 3d Ed., attaches the following connotation to a requirement for filing:

"A paper is said also to be filed when it is delivered to the proper officer, and by him received to be kept on file. 13 Vin. Abr. 211; 1 Litt. 113; 1 Hawk. P. C. 7, 207; Phillips v. Beene, 38 Ala. 251; Holman v. Chevaillier, 14 Tex. 338. Beebe v. Morrell, 76 Mich. 114, 42 N. W. 1119, 15 Am. St. Rep. 288."

This court has several times held that a paper cannot be deemed to have been filed unless it is not only delivered to the proper official, but also received by him. For instance, In re *Conant's Estate,* 43 Or. 530, 73 P. 1018, the decision says:

"A paper or document is filed within the meaning of this statute when it is delivered to and received by the clerk to be kept among the files of his office."

In *Bade v. Hibberd,* 50 Or. 501, 93 P. 364, the court said:

"A paper is filed in contemplation of law when it is delivered to the proper officer with the inten-

tion that it shall become a part of the official record, and by him received to be kept on file.''

■ We do not believe that the act of the appellant's counsel in laying the notice of appeal upon the desk of a deputy county clerk during the absence of the latter constituted a filing of the paper.

■ Counsel for the appellant has filed a motion with us

"for an order directing the Clerk of the Circuit Court of the State of Oregon for Multnomah County to mark or stamp a filing date on the Notice of Appeal to the Supreme Court in the above entitled suit as having been filed on September 26, 1947.''

In *Wapinitia Irrigation District v. Pacific P. & L. Co.,* 112 Or. 36, 228 P. 810, this court said:

"That we are bound by the official indorsement of the date of filing is determined by Rodman v. Manning, 50 Or. 506 (93 Pac. 366). There the contention was that the dates of filing the papers in question were erroneous and that in fact, as shown by some ex parte affidavits, they were filed at an earlier date within the proper time. The opinion however, says:

" 'But if there is an error in the record in this respect, the remedy is by application to the court below to correct the same and the transcript as filed here cannot be contradicted nor impeached by extraneous evidence.' Citing Briney v. Starr, 6 Or. 207. See, also, Mitchell v. Coach, 83 Or. 45 (153 Pac. 478, 162 Pac. 1058).''

It follows that the motion of the appellant must be denied. The respondents' motion to dismiss the appeal is sustained.