Motion to dismiss appeal denied July 18, 1956, remanded on
motion to strike bill of exceptions November 8, 1956,
dismissed April 1, 1959

## VALLEY CONCRETE PIPE COMPANY *v.*
## CITY OF ALBANY

300 P. 2d 411
303 P. 2d 503

L. N. Brown and Asa L. Lewelling, of Salem, for the
motion.

Robert M. McKechnie and Courtney R. Johns, of
Albany, contra.

**PER CURIAM.**

The plaintiff recovered judgment on 7 February
1955. The time for filing transcript and bill of excep-

tions was extended by successive orders "until and to" 13 June 1956. The appellant has filed no short transcript in this court, but the respondent, pursuant to Rules 30 and 33 of this court, has filed the short transcript, and now moves to dismiss the appeal and affirm the judgment.

Pursuant to a motion and affidavit of appellant the circuit court entered an order extending the time within which to file a transcript on appeal and bill of exceptions until and to 13 August 1956. Motion, affidavit and order all bear the clerk's stamp, "Filed June 14, 1956". Respondent argues that the application for extension of time as shown by the file marks was not served and filed within the time allowed to file transcripts, but was in fact one day late. Appellant relies upon the affidavit of the deputy clerk of the circuit court to the effect that the motion, affidavit and proposed order were presented to him on 13 June and that after securing the signature of the judge to the proposed order extending time on the 14th he stamped all three instruments "Filed June 14, 1956".

■ It is unnecessary to decide whether there is a sufficient showing that the motion was filed within the time allowed or was one day late. This court has jurisdiction of the appeal. ORS 19.030(3). It is within the discretionary power of this court to relieve appellant from its failure, if any, and to permit appellant to file the transcript within the time allowed by the order of the circuit court dated 14 June. Therefore the time for filing the transcript is extended to and until 13 August 1956.

The motion to dismiss the appeal is denied. We have no occasion to pass on the question whether the order extending time to file a bill of exceptions was within the power of the circuit court under the provi-

sions of ORS 19.100, which provides that "A proposed bill of exceptions may be tendered by presenting it * * * within 60 days after the entry of the judg- ment, or within such further time as may be granted by order of the court *if application is made during the said period of 60 days or within any extension that may be granted.*" Whether the order extending the time for presenting the bill of exceptions is or is not valid, would be irrelevant on the motion to dismiss the appeal.

Asa L. Lewelling and L. N. Brown, of Salem, for the motion.

BRAND, J.

This case comes up on a motion by the plaintiff-respondent to strike the bill of exceptions from the files. A judgment on the verdict of a jury was entered against the defendant City of Albany in the sum of $19,560.25 and defendant appealed. If the bill of exceptions is stricken it will be beyond the power of this court to consider substantial issues concerning the rights of the respective parties. Because of the importance of the question the court deems it necessary to set forth the facts.

The complaint was filed on 24 September 1953. Judgment for the plaintiff was rendered and filed on 7 February 1955. Notice of appeal was dated 22 March 1955 and was filed with proof of service on 23 March. On the same day the defendant city filed in the circuit court for Linn County a motion "that the time in which to file the transcript and bill of exceptions in the above entitled matter be continued until the 22nd day of May, 1955." On the same day the court made and filed an order allowing the motion and "continuing the time for filing the transcript and bill of exceptions" as prayed for. Similar motions were made and orders entered extending the time for filing the instruments mentioned. By this process time was extended from March 1955 until well into 1956. We interrupt the narrative of events to consider the first question for decision, namely, to what procedures and in what court did these motions and orders apply?

An appellant desiring to support his appeal to

this court by a bill of exceptions must comply with the statutory requirements. The statute governing the time and manner for tendering a proposed bill of exceptions in the trial court reads as follows:

> "A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within 60 days after the entry of the judgment, or within such further time as may be granted by order of the court *if application is made* during the said period of 60 days *or within any extension that may be granted.*" ORS 19.100 (Italics ours.)

■ The circuit court has no power to settle a bill of exceptions which is not presented to the clerk of the court within the time specified in the statute. *Williams v. Ragan,* 174 Or 328, 330, 143 P2d 209; *State v. Stapleton,* 139 Or 402, 10 P2d 600.

In addition to the above requirements as to procedure in the circuit court there are separate and distinct requirements which must be satisfied in connection with an appeal to this court. Appellants have 30 days after the appeal is "perfected" to file the short transcript on appeal with the clerk of the appellate court. ORS 19.070. The trial court or the judge thereof or the Supreme Court or a justice thereof may enlarge the time for filing the transcript "but the application for such order shall be served and filed within the time allowed to file transcripts * * *." ORS 19.070(3). The law contemplates that the bill of exceptions shall be sent by the clerk of the trial court to the clerk of the Supreme Court "and shall be a part of the transcript in the Supreme Court * * *." ORS 19.090. The Rules of Procedure adopted by this court on 1 June, 1955, require that the original bill of exceptions shall be filed at the same time that the short transcript is filed. Rule 3. Under this rule the statutory pro-

visions concerning the making of applications for extensions of time within which to file the short transcript would also control applications for time to file the bill of exceptions in this court.

However, the new Rules of Procedure adopted by this court are not applicable in this case because we acquired jurisdiction of the appeal before the effective date of the new rules. ORS 19.030(3) and Rule 57.

■ We encounter no difficulty in holding that the trial court effectively extended the time within which to file the short transcript in this court. The only statutory provision for filing a short transcript relates to a filing with the clerk of this court. Hence, the order of the trial court extending time to file transcript clearly applies to a filing thereof in the Supreme Court. Under the practice prevailing before the adoption of our new rules, we must hold that *if* the bill of exceptions was tendered by presenting it to the clerk of the trial court in conformity with the provisions of ORS 19.100, then it was properly filed in this court and has become a part of the transcript here.

Proper procedure certainly requires that an application for extension of time within which to tender a proposed bill of exceptions by presenting it to the clerk of the trial court should clearly state the relief prayed for.

■ In this case the various motions and supporting affidavits ask merely for extensions of time to file the "transcript and bill of exceptions," without specifying in what court the bill of exceptions is to be "filed."

The question is, does this ambiguous language amount (1) to an application for time to tender a proposed bill of exceptions by presenting it to the clerk of the circuit court (ORS 19.100) or (2) does it refer only to the time for filing in the Supreme Court? If

it applies to situation (1), then the time for tendering the bill of exceptions was effectively extended by the various orders down at least to 13 June, 1956. If the language of the application does not apply to situation (1) then the bill of exceptions must be stricken.

The orders of the trial court are as indefinite as were the motions. They extend the time to file bill of exceptions without saying in what court. What was required was an "application" for time to "tender" the bill of exceptions "by presenting it to the clerk" of the trial court, and such application could be allowed only if made within the time previously extended. ORS 19.100. What appellant did was to make a motion to *file* the bill of exceptions. We find little authority which appears to be in point. However, from *Jones v. Bowman*, 10 Wyo 47, 65 P 1002, we quote:

"It is further insisted that the original order granting time was ineffective, for the reason that the time granted was to 'file' the 'proposed bill of exceptions.' It is argued that this did not allow any time for 'reducing the exceptions to writing.' It is true that, technically, the act of filing follows the presentation for allowance and the allowance and signing, and is the act of leaving the same with the clerk, to be filed in his office. But it is apparent that the word 'file' was not employed in that technical sense. An examination of the authorities will disclose that in practice the permission to file a bill within a stated time is construed and acted on as a grant of time for its preparation and presentation for allowance. See Hawes v. People, 129 Ill. 123, 21 N.E. 777; West Chicago St. R. Co. v. Morrison, Adams & Allen Co., 160 Ill. 288, 43 N.E. 393. The order of July 11th extends the time for preparing and presenting the bill, thus clearly indicating the construction placed upon the original order by the presiding judge. Having in view the uniform practice in this state, it is manifest, we think, that the order was intended and understood as granting

time for the preparation and presentation of the bill. Strictly speaking, an order fixing a time for 'filing' is not necessary, confining that word to its technical meaning as a depositing with the clerk and the latter's indorsement thereon. In that sense, if it was to subserve no other purpose, the order would be quite useless. We are not inclined to apply so technical a construction as that contended for. It is certainly more correct practice for an order granting time to state its precise purpose, but the purpose plainly appearing to allow time for presenting the bill for allowance, we think that effect should be given to it. The motion to strike the bill from the record will be denied.''

See also, *Uuku v. Kaio,* 20 Haw 567.

In the case at bar the trial court must have known that no bill of exceptions had been tendered and that none could be filed with the transcript in this court until tendered and settled below, and so we think it was permissible for it to construe the ambiguous motion as a request for time to tender a proposed bill, though the word ''proposed'' was not used and though the word ''file'' was used instead of ''tender''. The court apparently intended by its order to extend time for tendering a proposed bill, for it did ultimately treat the bill as tendered and did settle it. All of the uncertainty could have been removed and the labor of this court could have been eliminated if the motions and orders had specified the nature of the relief requested and allowed. We now hold that by a series of orders as above described, the time to tender a bill of exceptions in the circuit court, and the time to file a transcript and bill of exceptions in this court were extended *''until and to the 13th day of June, 1956''.*

■ By obvious inadvertence the motion made for the purpose of securing a further extension reads as follows:

''Comes now the defendant and appellant in the

above entitled matter and moves the Court that the time in which in the above entitled matter be continued until the 13th day of August, 1956.''

However, the supporting affidavit states that time is required to complete the preparation of the bill of exceptions and transcript on appeal and the court signed the usual order extending the time until and to the 13th day of August, 1956. Construing the defective motion with the supporting affidavit we hold that the trial court was authorized if not required to treat them as an application for time to tender a bill of exceptions and to file a transcript.

It was mandatory that the next application for time be made on or before 13 June. The original papers show that the garbled motion, quoted supra, and the supporting affidavit for further extension of time, bear the indorsement of the circuit court clerk, ''Filed June 14, 1956'', or one day late. It also appears that the order signed by Judge Olliver, circuit court judge, was dated the 14th day of June, 1956, and bears the clerk's file mark of that date.

■ On 28 June 1956 the plaintiff moved to dismiss the appeal. The motion was based on two different grounds. It was asserted that the motion for time within which to file transcript on appeal was one day late. Concerning that contention, this court in an opinion of 18 July 1956, said:

''* * * It is within the discretionary power of this court to relieve appellant from its failure, if any, and to permit appellant to file the transcript within the time allowed by the order of the circuit court dated 14 June. Therefore the time for filing the transcript is extended to and until 13 August 1956.'' 215 Or 666, 300 P2d 411.

The second ground for dismissing the appeal was based upon the contention that the application for ex-

tension of time to file the bill of exceptions was not made in accordance with the requirements of ORS 19.100 and was in fact filed one day too late. We declined to consider that issue because of the established rule that failure, if any, to present a bill of exceptions is not ground for dismissal of an appeal. Thereafter, the plaintiff, on 9 October 1956, filed the instant motion to strike the bill of exceptions. In this motion the plaintiff relies on the record "which shows defendant obtained an order of the lower court extending 'until and to the 13th day of June 1956 in which to file a transcript and bill of exceptions' and that no application was made for a further extension until June 14, 1956."

The defendant city, appellant herein, has filed no answer to the motion but obviously relies upon the affidavits which it filed in opposition to the motion to dismiss the appeal. The affidavit of counsel for the appellant is to the effect that on June 13 he "presented" to the deputy clerk of the circuit court a motion and proposed order for extension of time within which to file a bill of exceptions and transcript on appeal. The affidavit of the deputy clerk of the circuit court is, in part, as follows:

"That on June 13, 1956, to the best of my recollection, Mr. Robert M. McKechnie, an attorney representing the City of Albany, Oregon, presented to me a motion, affidavit and proposed order for an extension of time in which to file a bill of exceptions and transcript on appeal in the above entitled case, requesting that I have the judge of the above court, Circuit Judge Victor Olliver, sign the order. The motion, affidavit and proposed order were dated June 13, 1956. The motion requested an extension of time until August 13, 1956.

"I was unable to obtain the judge's signature on the order on June 13th and presented the papers to the judge on June 14th, in the morning, at which

time Judge Victor Olliver interlined the date of the 14th on the order. I then stamped all the papers as being filed on June 14, 1956.

"I did not realize the importance of the date at the time as Mr. McKechnie did not call my attention to the same."

No opposing affidavits have been filed. However, we cannot say that the affidavits of counsel for appellant and of the deputy clerk are uncontradicted. In support of the motion to dismiss the appeal the respondent filed what was described as a transcript on appeal. It contained all of the instruments comprising a transcript on appeal under the provisions of ORS 19.070, and it also contained certified copies of the motions and affidavits for extensions of time on which the orders extending time "for filing the Transcript and Bill of Exceptions" were based. This "Transcript" is certified, not by the deputy clerk, but by the clerk of the circuit court. From his certificate we read "and the motions shown were filed on the dates indicated thereon by the filing stamp." Thus the certificate of the clerk tends to contradict the affidavits of his deputy and of counsel for the appellant as to the date on which the motion was filed. Counsel for appellant and the deputy clerk stated, in effect, that the motion for extension of time was filed on 13 June and the clerk certifies that, as appears from the "filing stamp", it was filed on 14 June.

The next question on this confused record is whether the appellant may in this court impeach the official file marks of the clerk of the circuit court by affidavits tending to show that the papers were filed or tendered for filing on the day preceding the date shown in the official file marks.

■ If the motion, affidavit and proposed order for

extension of time were in fact presented to the deputy clerk at his office and were received by him, then they were in point of law "filed". *In re Conant's Estate,* 43 Or 530, 73 P 1018; *In re Wagner's Estate,* 182 Or 340, 342, 187 P2d 669; *Edwards v. Grand,* 121 Cal 254, 53 P 796; *Robinson v. Phegley,* 93 Or 299, 177 P 942, 178 P 799, 182 P 373; *Pierce v. Pierce,* 108 Mont 42, 89 P2d 269; *Balm v. City of Cape May,* 3 NJ Misc 58, 127 A 88; *Sun Lumber Company v. Huttig Sash & Door Co.,* Tex Civ App, 36 SW2d 561; *Application of Keough,* 37 NYS2d 163; *Vickers v. Glenn,* 102 Fla 535, 136 So 326.

From some of the cases above cited it might be inferred that this court can consider the evidence and determine that the instrument was filed on one date although the file marks show the filing to have been on a different one. However, there is potent authority to the contrary.

In *State v. Crosley Park Land Co.,* 63 Minn 205, 65 NW 268, the court first restated the rule that:

"* * * If the clerk made a mistake in his indorsement as to the date of filing, it is a mere clerical error, and amendable, even although it may be as to a matter going to the jurisdiction of the court to render a judgment. Burr v. Seymour, 43 Minn.401, 45 N.W.715. But, as long as this certificate stands, it is the best and highest evidence of the fact, as well as date, of filing; and parol evidence is inadmissible merely for the purpose of contradicting it, but is admissible to show the mistake, for the purpose of having it corrected or amended. Counsel for the state would seem to have proceeded upon the theory that he could allow the clerk's certificate to stand without amendment, and still contradict it by parol evidence. Appeal dismissed."

In *Wagner's Estate,* supra, this court had under consideration a motion to dismiss an appeal. The cer-

tificate of the county clerk showed that the notice of appeal was filed on 4 October 1947. We held that if the appeal was not filed until that date it came too late and it would be necessary to dismiss the appeal. Counsel for appellant filed a motion in this court for an order directing the clerk of the circuit court to mark the notice of appeal as filed on 26 September 1947. We said:

"In Wapinitia Irrigation District v. Pacific P. & L. Co., 112 Or. 36, 228 P. 810, this court said:

" 'That we are bound by the official indorsement of the date of filing is determined by Rodman v. Manning, 50 Or. 506 (93 Pac.366). There the contention was that the dates of filing the papers in question were erroneous and that in fact, as shown by some exparte affidavits, they were filed at an earlier date within the proper time. The opinion however, says:

" ' "But if there is an error in the record in this respect, the remedy is by application to the court below to correct the same and the transcript as filed here cannot be contradicted nor impeached by extraneous evidence." Citing Briney v. Starr, 6 Or. 207. See, also, Mitchell v. Coach, 83 Or. 45 (153 Pac. 478, 162 Pac. 1058.)' "

See also, *Rodman v. Manning,* 50 Or 506, 507, 93 P 366, where it is said:

"* * * Defendants claim, however, and have filed ex parte affidavits to show, that the dates of filing of notice and acknowledgment of service thereof, as they appear on the transcript, are erroneous, and in fact the service was admitted on August 28th, and the notice with the indorsement of such admission thereon as afterwards filed with the clerk. But, if there is an error in the record in this respect, the remedy is by application to the court below to correct the same, and the transcript as filed here cannot be contradicted or impeached by extraneous evidence: Briney v. Starr, 6 Or. 207."

And see, *Mitchell v. Coach,* 83 Or 45, 153 P 478, 162 P 1058.

It has also been held that evidence of error in the date shown in the file marks must be clear and free from doubt. *Foster v. Brick,* 121 Minn 173, 141 NW 101.

■ Despite the tragedy of errors which appears in this record, we are reluctant to decide a case of public importance such as this, on merely technical grounds. Notwithstanding the certificate of the clerk to the effect that the file date of 14 June on the motion was correct, there is a serious contention that the motion in question, with supporting affidavit, was presented to the deputy clerk and received by him for filing on 13 June, in which event, it was legally "filed" on that date, under the authorities cited. If that was the case, the motion to strike the bill of exceptions should be denied.

We will postpone decision of the motion to strike the bill for ten days, within which time the appellant may, if he so desires, move the trial court for an order directing the clerk to amend the file marks and the certificate of the clerk to conform to the truth. If, upon hearing, the trial court shall find that the motion was filed on 13 June, and shall direct the correction of the deputy clerk's file marks and the clerk's certificate, then upon a showing to that effect in this court, the motion to strike the bill of exceptions will be denied. Otherwise the motion will be allowed and the bill of exceptions stricken.

The record in this case brings forcefully to mind the condition of the trial and Supreme Court dockets, and the delays in the administration of justice, concerning which, we have been and are greatly concerned.

This case was filed in ,September, 1953. More than a year elapsed before judgment was rendered in the trial court. On the most favorable view of the case, the time for tendering the bill of exceptions was extended ,by the trial court from March, 1955 to September, 1956, and the case is not yet at issue in this court. Such delays are inexcusable. The responsibility ,for prompt administration of justice rests not alone upon this court, but also upon the attorneys and judges of the trial courts.