# WILLIAMS, *Petitioner,*
## *v.*
# CODY et al, *Respondents.*
## (No. CA-5084)
545 P2d 905

*Betty Roberts,* Portland, argued the cause and filed the brief for petitioner.

*Robert L. Dressler,* Portland, argued the cause and filed the brief for respondent Estacada School District No. 108 and respondents Cody through Zimmerman.

No appearance for respondents Fair Dismissal Appeals Board of the State Department of Education; Superintendent of Public Instruction Verne Duncan; Panel Members Bob Busch, Charles Logan and Frank Adams; Lee Johnson, Attorney General.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This is an appeal from an order of the Fair Dismissal Appeals Board dismissing petitioner's appeal to that agency because it was not filed within the five-day limit allowed by ORS 342.905(1).[1]

On May 19, 1975, the Estacada Elementary School District Board met and voted three to two to dismiss petitioner from his teaching duties pursuant to the superintendent's recommendation. No evidence was offered at the meeting to support the charges for dismissal. On May 21 a letter confirming the Board's action was sent to petitioner by the district by certified mail.[2] Petitioner received that letter on May 22. On May 28 petitioner's attorney mailed a notice of appeal to the Superintendent of Public Instruction which was received on May 29.[3]

Petitioner contends that the date of filing for purposes of ORS 342.905(1) should be the date that the notice of appeal was deposited in the mailbox. He cites ORS 16.790(2) as authority for this proposition.[4] That

---

[1] ORS 342.905(1) provides:

"If the district school board dismisses the teacher, the teacher may appeal that decision to the Fair Dismissal Appeals Board established under ORS 342.930 by filing with the Superintendent of Public Instruction within five days after receipt of notice of the district school board's decision, notice of appeal with a brief statement giving the reasons for the appeal."

[2] Petitioner contends that failure of the School Board to mail a copy of the dismissal notice to his attorney violated ORS 183.470. That statute applies only to proceedings before state agencies. ORS 183.310(1). Furthermore, ORS 342.895(3) requires that notice of the School Board's action be given to the teacher, not to his attorney.

[3] Petitioner's counsel on appeal did not represent him in connection with his dealings with the School District or the Fair Dismissal Appeals Board.

[4] ORS 16.790(2) provides:

"In case of service by mail, the copy of the notice or other paper to be served must be deposited in the post office, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his regular office address, or his address as last given by him on any document which he has filed in the cause and served on the party

statute, however, relates to service. There is a clear distinction between service and filing:

> " 'A paper is said also to be filed when it is delivered to the proper officer, and by him received to be kept on file. * * *'
>
> "This court has several times held that a paper cannot be deemed to have been filed unless it is not only delivered to the proper official, but also received by him. * * *'" (Citations omitted.) *In re Wagner's Estate,* 182 Or 340, 342, 187 P2d 669 (1947).

*Accord, Valley Pipe Co. v. City of Albany,* 215 Or 666, 667-68, 300 P2d 411, 303 P2d 503 (1959) (cases collected). Therefore, petitioner's notice of appeal was not filed until May 29, after the five-day limit, and the Board properly dismissed it for lack of jurisdiction.[5]

■ Petitioner also contends that the School Board erred in not providing him with a hearing at which he could defend himself against the dismissal charges. ORS 342.895 describes the procedure to be followed for dismissal of a permanent teacher. It does not contain a requirement that the School Board hold an evidentiary hearing. A formal hearing is conducted by the Fair Dismissal Appeals Board pursuant to ORS 342.905. As discussed above, petitioner did not file timely notice of appeal which was necessary to avail himself of the right to such a hearing.

Affirmed.

---

making service by mail; and if he does not maintain a regular office or if the filed documents do not contain his address he may be addressed at his usual place of abode. The service shall be deemed to be made on the day of the deposit in the post office, and not otherwise."

[5]Even under petitioner's theory, the appeal was not timely since May 27 would have been the last day for filing.