# HOOD RIVER COUNTY SCHOOL DISTRICT, *Petitioner,*

*v.*

# FOGLE, *Respondent.*

## (CA 7427)

567 P2d 1063

Kenneth M. Abraham, Hood River, argued the cause for petitioner. With him on the brief was Parker, Abraham & Bell, Hood River.

Robert D. Durham, Eugene, argued the cause for respondent. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

Petitioner school district seeks review of an order of the Fair Dismissal Appeals Board setting aside the dismissal of a tenured teacher and directing her reinstatement in a teaching position within the district.

The dismissal of respondent was pursuant to ORS 342.865(1)(j), which provides:

"No permanent teacher shall be dismissed except for:

"* * * * *

"(j) Reduction in permanent teacher staff resulting from the district's inability to levy a tax sufficient to provide funds to continue its educational program at its anticipated level or resulting from the district's elimination of classes due to decreased student enrollment or reduction of courses due to administrative decision. School district shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified. Merit and seniority shall be considered in determination of a teacher for such transfer."

Respondent was notified on July 15, 1976 that the school board would consider the elimination of her position at a meeting on August 11, 1976. She had apparently received informal notice of her impending dismissal prior to that date because her attorney informed the Superintendent of Public Instruction by letter dated July 13, 1976 that she was appealing her dismissal to the Fair Dismissal Appeals Board on the ground that "the procedures of the Fair Dismissal Law have not been observed and that the substantive reason for the dismissal is not substantiated." Respondent was thereafter advised by the Fair Dismissal Appeals Board that her notice of appeal was premature and that no such notice would be entertained until after official action by the school board.

Respondent appeared and was heard at the August 11 meeting of the school board. Thereupon, the school board approved her dismissal.

Official notice of dismissal was mailed to respondent on August 13 but was not received until August 19. On August 18, counsel for respondent sent another letter to the district's superintendent of public instruction notifying him of respondent's intention to appeal the dismissal decision. That letter, which was received by the superintendent on August 19, did not contain a statement of reasons for the appeal.[1]

## I. MOOTNESS

■ Prior to filing this petition for review, the district fully complied with the order of the Fair Dismissal Appeals Board by entering into a new permanent teaching contract with respondent, paying her back pay for the period between her dismissal and reinstatement and returning respondent to ordinary classroom duties. Respondent contends that by such action, this proceeding has been rendered moot. We disagree.

Although, notwithstanding our decision, the district may now be contractually bound to retain respondent in its employ, respondent's dismissal affected not only the fact of her employment but its terms and conditions as well. A reinstatement of the dismissal would restore its effect with respect to respondent's seniority and tenure status. Thus there

---

[1]The text of respondent's second notice of appeal was as follows:

"This office has been retained to represent Ms. Jimmie Fogle of Route 6, Box 59, Hood River, Oregon 97031. Ms. Fogle was a permanent teacher employed by Hood River County School District until she was dismissed at a school board meeting on August 11, 1976.

"As of August 18, 1976, Ms. Fogle has still not received any written notice of the board's dismissal action. However, in a telephone conversation on August 18, 1976, Dr. Lariza, Superintendent of Schools, Hood River, informed me that the notice of the board's dismissal action had been sent to Ms. Fogle by certified mail on August 13, 1976.

"Thus, to avoid any possibility of a late notice of appeal, this letter shall constitute notice of appeal of the board's decision to dismiss Ms. Fogle from her permanent teaching position.

"I am sending this letter to protect Ms. Fogle from any possible running of her time to appeal. However, by this letter, Ms. Fogle does not waive any possible defects in the required statutory notice which must be sent by the district."

exists a continuing controversy in spite of the district's compliance with the school board's order. We therefore consider the appeal.

## II. JURISDICTION OF THE FAIR DISMISSAL APPEALS BOARD

■ Petitioner first contends that the Fair Dismissal Appeals Board lacked jurisdiction to hear this matter because respondent's notice of appeal was premature in that it was filed one day before respondent received written notice of her dismissal and because it did not include a statement of reasons for the appeal. ORS 342.905(1) sets forth the notice of appeal requirements:

> "If the district school board dismisses the teacher, the teacher may appeal that decision to the Fair Dismissal Appeals Board established under ORS 342.930 by filing with the Superintendent of Public Instruction within five days after receipt of notice of the district school board's decision, notice of appeal with a brief statement giving the reasons for the appeal."

These requirements are jurisdictional and failure to satisfy them precludes the Fair Dismissal Appeals Board's consideration of a dismissal appeal. *See, Williams v. Cody,* 24 Or App 433, 545 P2d 905 (1976), which so holds regarding the time requirement.

■■ We are not prepared to hold that respondent failed to satisfy the requirements of ORS 342.905(1) because her notice of appeal was mailed one day before she actually received official notice of her dismissal. Notice of appeal is deemed to be filed when it is received by the proper official, not when it is mailed. *Williams v. Cody,* 24 Or App at 436. Respondent's notice of appeal was received on the same day that she received notice of her dismissal. The record does not indicate which notice was actually received first, but assuming that it was the notice of appeal, its fortuitous arrival a few hours before the arrival of the dismissal notice is not legally significant. The five-day appeal rule was obviously intended to insure the

prompt perfection of appeals to the Fair Dismissal Appeals Board. No purpose would be served by a hypertechnical application of that rule to preclude appeal where, as here, the prematurity of the notice of appeal is measured in hours rather than days.

■ The absence of a statement of reasons cannot be so easily dismissed. ORS 342.905(1) clearly requires that such a statement be included in the notice. Without such a statement, respondent's letter of August 18 is not a notice of appeal as defined in the statute, and therefore it was insufficient to initiate the appeal process.[2]

The statement-of-reasons requirement is not a meaningless formality. In addition to informing the school district of the contested aspects of their dismissal decision, it can serve as the first in a series of documents, filed in a procedure analogous to summary judgment, calculated to determine whether there are issues of material fact which require an evidentiary hearing. *See, Schaaf v. School Dist. No. 4J,* 19 Or App 838, 852, 529 P2d 943 (1974) *rev den* (1975). The procedure is particularly appropriate in cases involving nonpersonal dismissal, as here.

Here, by contrast, the district's motion to dismiss was denied and it was forced to go forward with its proof without notice of the basis of challenge to its action. The process was not only wasteful of the district's and the Fair Dismissal Appeals Board's resources, but it was procedurally unsound. Because the statutory requirement that the notice of appeal give a statement of reasons for the appeal serves to

---

[2]Respondent's letter of July 13 was received almost one month before she was dismissed and was therefore so premature as to be of no effect whatever. Respondent made no effort to incorporate the statement in the earlier letter into her subsequent letter and there is no reason to automatically assume that the reasons relied upon prior to the school board's action will be relied upon thereafter in an appeal from the school board's action. Therefore, we do not assume the reasons of the first letter to be incorporated into the second.

We do not consider whether the general statement of reasons in the July 13 letter was sufficient for statutory compliance.

eliminate or focus the appeal hearing, we hold that the statute cannot be construed to require anything less than it says it requires.

We therefore conclude that respondent's failure to include a statement of reasons for appeal in her notice of August 18 to the Superintendent of Public Instruction was a fatal jurisdictional defect and that therefore the Fair Dismissal Appeals Board never acquired jurisdiction. Accordingly, the Fair Dismissal Appeals Board's order overturning respondent's dismissal must be set aside.

Reversed.