Argued November 21, 1977, judgment vacated; appeal dismissed February 7, reconsideration denied March 15, petition for review allowed September 6, 1978

ZOLLINGER, *Respondent,*
*v.*
FREAR et al, *Appellants.*
(No. 76-3176, CA 7610)

FLYNN, *Respondent,*
*v.*
FREAR et al, *Appellants.*
(No. 76-3177, CA 7619)

MOFFITT, *Respondent,*
*v.*
FREAR et al, *Appellants.*
(No. 76-3178, CA 7622)
(Cases consolidated)

574 P2d 680

[ 385 ]

Bruce Smith, Eugene, argued the cause for appellants. With him on the briefs were Orlando John Hollis and Young, Horn, Cass & Scott, Eugene.

Arthur C. Johnson, Eugene, argued the cause for respondents. With him on the brief were R. Scott Palmer, Stanton F. Long and Johnson, Harrang & Mercer, Eugene.

Darst B. Atherly, George A. Burgott and Thwing, Atherly & Butler, Eugene, filed a brief amicus curiae for the National Association of Secondary School Principals.

Edward C. Harms, Jr., and Harms & Harold, Springfield, filed a brief amicus curiae for Oregon School Boards Association.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

THORNTON, J.

## THORNTON, J.

In this mandamus proceeding defendants appeal from an order of the circuit court directing a peremptory writ of mandamus to issue commanding defendants to rescind the transfer of plaintiffs to junior high school principal positions and to reinstate plaintiffs as senior high school principals.

The question which is presented in this proceeding is whether the plaintiffs were transferred to lower paying positions within the meaning of ORS 342.845(2).

ORS 342.845(2) provides:

"No permanent teacher who has served as an administrator in a particular position for a period of three successive years in a tenure district shall be transferred to a lower paying position as an administrator or to a nonadministrative position without his consent except for the reasons for which a permanent teacher may be dismissed as provided in ORS 342.200 and 342.805 to 342.955 and in accordance with the procedures set forth in ORS 342.200 and 342.805 to 342.955 pursuant to which a permanent teacher may be dismissed."

All three plaintiffs had gained "administrative" tenure as high school principals pursuant to ORS 342.845(2) prior to their transfers in April 1976. Plaintiff Zollinger had been a tenured high school principal since March 1968; plaintiff Flynn since March 1965; and plaintiff Moffitt since March 1962.

Plaintiffs did not consent to the transfers, and the transfers were not made for any of the reasons for which a permanent teacher may be dismissed or in accordance with the procedures provided in the Fair Dismissal Law. ORS 342.805 to 342.955. In an effort to avoid the procedural requirements of ORS 342.845(2), the defendant school board approved a resolution

maintaining the plaintiffs' salaries at the high school principal level.[1]

Plaintiffs contend that each of the instant transfers qualifies as a transfer to "a lower paying position" under ORS 342.845(2), and that the defendants are therefore required to comply with the dismissal procedures of the Fair Dismissal Law. The defendants claim that plaintiffs were not transferred to lower paying positions because their salaries were not reduced.

A threshold question, however, is whether the circuit court, and hence this court, had jurisdiction. Although none of the parties briefed this issue on appeal, it was the subject of lengthy memoranda and extensive argument in the trial court.

■ ORS 34.110 provides that a writ of mandamus "shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." A writ of mandamus will not be available to transfer jurisdiction to the circuit court where the law provides for initial determination by an administrative agency. *Phillips v. Layman,* 15 Or App 107, 109, 514 P2d 1352 (1973), *rev den* (1974). *Cf., School Dist. No. 1, Mult. Co. v. Nilsen,* 262 Or 559, 572, 499 P2d 1309 (1972); *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620, *rev den* (1976). Inasmuch as plaintiffs chose to eschew an appeal to the Fair Dismissal Appeals Board (Board) and pursue the writ of mandamus, is the above rule requiring exhaustion of the administrative remedy controlling here and does it require that plaintiffs' appeal be dismissed?

In cases arising under the Fair Dismissal Law an appeal to the Board from the decision of a school district relating to the dismissal or transfer of a

---

[1]The Administrative Salary Program for School District No. 4J differentiates between the salaries and benefits accruing to high school, junior high school and elementary school principals. High school principals earn, across the salary range, approximately $3,400 per year more than junior high school principals and $6,800 more than elementary school principals according to the 1976-77 Administrative Salary Program.

tenured administrator is expressly provided in ORS 342.905(1).[2] There is no provision within the statute for an appeal to the circuit court.

Plaintifffs contended at trial that notwithstanding the appeal provisions of the Fair Dismissal Law, there is no adequate remedy at law in this case because the Board cannot acquire jurisdiction unless the school district follows the notice provisions of ORS 342.895(2).[3] By failing to do so, plaintiffs argue, the school district presents the Board with nothing to review to see whether "the facts relied on to support the recommendations of the district superintendent

---

[2] ORS 342.905(1) states that a tenured administrator may appeal to the Board "by filing with the Superintendent of Public Instruction within five days after receipt of notice of the district school board's decision, notice of appeal." The time for appeal was increased to 10 days by the 1977 legislature. Oregon Laws 1977, ch 223, § 1.

[3] ORS 342.895 provides:

"(1) Authority to dismiss a permanent teacher is vested in the district school board subject to the provisions of the fair dismissal procedures of ORS 342.805 to 342.955 and only after recommendation of the dismissal is given to the district school board by the superintendent.

"(2) At least 20 days before recommending to a board the dismissal of the permanent teacher, the district superintendent shall give written notice to the permanent teacher by certified mail of his intention to make a recommendation to dismiss the teacher. The notice shall set forth the statutory grounds upon which the superintendent believes such dismissal is justified, and shall contain a plain and concise statement of the facts relied on to support the statutory grounds for dismissal. If the statutory grounds specified are those specified in paragraph (a), (c), (d), (g) or (h) of subsection (1) of ORS 342.865, then evidence shall be limited to those allegations supported by statements in the personnel file of the teacher on the date of the notice to recommend dismissal, maintained as required in ORS 342.850. Notice shall also be sent to the district school board and to the Fair Dismissal Appeals Board. A copy of ORS 342.805 to 342.955 shall also be sent to the permanent teacher.

"(3) If, after the 20-day notice required by subsection (2) of this section, the district school board takes action to approve the recommendation for dismissal from the superintendent, the dismissal takes effect on or after the date of the district school board's action, as specified by the board. Notice of the board's action shall be given to the permanent teacher as soon as practicable by certified mail, return receipt requested or in the manner provided by law for the service of a summons in a civil action."

[ 389 ]

are true and substantiated and if true and substantiated, whether or not they are adequate to justify the statutory grounds cited as reasons for the dismissal." ORS 342.905(5).

■ We conclude, however, that ORS 342.895 is not jurisdictional, as plaintiffs contend. Were that the case a school district could circumvent review by the Board simply by failing to comply with any of the statute's notice requirements. An aggrieved permanent teacher would have to file a costly and time-consuming petition for writ of mandamus in circuit court, and the advantages of having, in all cases, a specialized review board determine teacher dismissal issues would thereby be negated.

■ Further, plaintiffs' argument overlooks the fact that the legislature intended the Board to review substantive *and* procedural issues arising under the Fair Dismissal Law, regardless of whether a school district complied with the requirements of ORS 342.895. This is demonstrated by an examination of the statutes governing the procedures and powers of the Board. After a notice of appeal has been filed by an aggrieved person the Board is required to hold a formal hearing at which the aggrieved administrator may present evidence relevant to the reasons for his transfer and to the issue of whether the procedures required by law were followed by the school district. In light of these statutory provisions it is apparent that the language of ORS 342.905(5), (6) and (7) implicitly empowers the Board to determine whether a transfer is in compliance with ORS 342.845(2), notwithstanding the fact that a district may have failed to comply with ORS 342.895. Thus, the Board could have determined whether on these facts plaintiffs had been transferred by the defendants to lower paying positions without complying with the requirements of the Fair Dismissal Law. If the Board determined that the plaintiffs had been so transferred, it could have required their reinstatement pursuant to ORS 342.905(6).

It is our conclusion that the Fair Dismissal Law provides the appropriate remedy for these plaintiffs, namely, appeal to the Fair Dismissal Appeals Board. The legislature, through this statute, has empowered the Board to make the initial determination of issues arising out of the dismissal or transfer of tenured administrators. Therefore, plaintiffs, having an adequate remedy at law, were not entitled to issuance of the writ of mandamus.

■ Where want of jurisdiction appears at any stage of the proceedings on appeal, it is the duty of the appellate court to refuse to proceed further. ORS 19.010; *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977); *McEwen et ux v. McEwen et al,* 203 Or 460, 280 P2d 402 (1955); *Robertson v. Henderson,* 181 Or 200, 179 P2d 742 (1947).

Having concluded that the plaintiffs' remedy lies with an appeal to the Board, we must necessarily consider what constitutes a timely appeal in this situation. This involves deciding when the appeal period starts to run and the length of time for appeal.

■■ We conclude that where a school district fails to comply with the provisions of ORS 342.845 in transferring a tenured administrator, the legislature intended that the appeal time starts to run when an administrator receives actual notice of the school district's action effecting the transfer, and by analogizing to ORS 342.905(1), which is jurisdictional,[4] we conclude that the legislature intended that the period of time in which to appeal is the same as is provided for in the general statutory scheme, namely, five days.[5]

Judgment vacated; appeal dismissed.

---

[4]The appeal provisions of ORS 342.905(1) are jurisdictional. *See, Hood River School Dist. v. Fogle,* 30 Or App 699, 703, 567 P2d 1063 (1977); *Williams v. Cody,* 24 Or App 433, 545 P2d 905 (1976).

[5]See footnote 2.